PRICE, Judge.
This appeal concerns the sufficiency of evidence presented to sustain a finding by the trial court that the defendant, Clifford Carey Hughes, was guilty of cruel treatment toward his wife, Marilyn Elizabeth Hughes, to entitle her to a separation from bed and board.
Mrs. Hughes filed this action in April 1974, alleging in her original and amended pleadings that defendant had treated her coldly and indifferently, was habitually intemperate, and that on an occasion in December 1971, he had ordered her from the family home and threatened to do her bodily harm. She further alleges they separated after this incident until November of 1972, at which time she returned to the domicile on defendant’s promises to correct his behavior. Further allegations are made that after approximately one month, defendant returned to his general course of abusive treatment of plaintiff, including cursing and physical threats toward her making it necessary that she again separate from defendant on December 18, 1973, and file this suit for a separation from bed and board.
Defendant denied plaintiff’s accusations and reconvened for a separation in his favor contending the action of plaintiff in leaving the domicile on December 18th was without cause and constituted an abandonment.
We consider it to be in the best interest of both parties to discuss in as little detail as possible their personal marital difficulties in this appellate opinion.
As we understand defendant’s argument on this appeal, he contends that although he was guilty of causing the initial separation in December 1971, the record does not contain any reliable proof of his having continued the course of cruel treatment after the reconciliation in November of 1972, and therefore plaintiff has not met her burden of proof.
In his reasons for judgment, the trial judge relied on the testimony of the only child of the marriage to resolve the conflicting testimony of the parties and to find plaintiff had proven her entitlement to a separation. This daughter who had married at the time of trial, was a college student during the troubled years of her parent’s marriage but was present in the home on a number of occasions when there was discord between her parents. Her testimony confirmed her mother’s allegations concerning the continuation of the cruel treatment by her father.
The trial judge construed her testimony to relate to the actions of defendant after the reconciliation in November 1972, and found the testimony sufficiently convincing to establish that defendant cursed his wife on many occasions and declared that he did not love either his wife or his daughter. The court found this conduct to constitute mental harassment sufficient to render the continued living together insupportable.
From our examination of the record, we find this conclusion to be supported by the evidence and to be in accord with the prior jurisprudence.
There are no ancillary issues involved for review. For these reasons the judgment appealed from is affirmed at appellant’s cost.